﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 190925-33192
DATE: October 30, 2020

REMANDED

Whether the change in the Veteran's means test eligibility requirement from copay exempt to pharmacy copay required in the VA healthcare system for income year 2017 was proper is remanded.

REASONS FOR REMAND

The Veteran had active service from August 1952 to August 1956.

Income Verification Match (IVM) is a secure procedure by which VA may obtain income information from the Social Security Administration and the Internal Revenue Service (IRS), in order to verify income amounts that are reported to VA. The adjudication of this matter involves information provided by SSA and the IRS for 2017. However, to avoid disclosure of sensitive information, the Board’s decision does not directly cite dollar amounts included in any IVM report that has not been verified by the Veteran. Therefore, the text of this decision is not subject to the additional protections required under the IVM procedures.

Whether the change in the Veteran's means test eligibility requirement from copay exempt to pharmacy copay required in the VA healthcare system for income year 2017 was proper is remanded.

VA shall furnish hospital care and medical services to any veteran who is unable to defray the expenses of necessary care. 38 U.S.C. §§ 1710(a)(2)(G). For the purposes of 38 U.S.C. § 1710(a)(2)(G), a veteran shall be considered to be unable to defray the expenses of necessary care if his attributable income is not greater than a specified income threshold, which is updated annually. 38 U.S.C. § 1722 (a)-(c). If a veteran does not qualify under 38 U.S.C. § 1710(a)(2)(G), he or she will be responsible for a copayment for VA healthcare services that relate to nonservice-connected disabilities.

A case history in the claims file states that on June 15, 2019, HEC Form 200-1A and part of the Veteran’s 2017 tax return was received from him. On July 16, 2019, a 2017 Form 1099B was received. The record does not contain these documents. These missing documents must be associated with the claims file before the claim is decided on the merits.

The matters are REMANDED for the following action:

1. Associate with the claims file HEC Form 200-1A and the part of the 2017 tax return received on June 15, 2019, and the 2017 Form 1099B received on July 16, 2019.

2. The Veteran should be notified that he may submit additional documents or reports regarding his 2017 income and expenses, including his completed HEC Form 200-1A, his 2017 tax return, and 2017 Form 1099B.

3. If the completed HEC Form 200-1A, 2017 tax return, and 2017 Form 1099B that was submitted by the Veteran cannot be obtained and associated with the Veteran’s claims file, and further attempts to obtain these records would be futile, the Health Eligibility Center must note such unavailability in a Memorandum of Unavailability and associate it with the claims file.

4. Thereafter, readjudicate the claim. If the benefit sought is not granted, the Veteran should be furnished an appropriate supplemental statement of the case, provided an opportunity to respond, and the claim should then be returned to the Board as warranted.

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Scott Shoreman, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.